966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ali AZIZHAKIM, Plaintiff-Appellant,
v.
Michael WHITE, Mayor; Chief Edward Kovacic, Cleveland
Police Department; Detective Gregory Hunter, Cleveland
Police Department; Detective Keith Thomson, Cleveland
Police Department; Patrolman Ray Cheese; Patrolman Cudnik,
Defendants-Appellees.
 No. 91-4003.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before KEITH and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ali Azizhakim appeals the district court's order denying his application to proceed in forma pauperis. Additionally, he requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Azizhakim sought to file a civil rights complaint under 42 U.S.C. § 1983 and submitted an application for leave to proceed without prepayment of fees. His financial affidavit indicated that he had no income. However, an authorized officer of Lima Correctional Institution, where Azizhakim is confined, certified that he had $139.87 in his prison account.
 
 
 3
 In reviewing the application, the district court took judicial notice of its records. See United States v. Doss, 563 F.2d 265, 269 n. 2 (6th Cir.1977). The district court noted that approximately two months prior to the present application to proceed in forma pauperis and at the time Azizhakim was incarcerated at the Lorain Correctional Institution, he filed another application in a separate case. A magistrate judge granted the prior application; however, the case was subsequently dismissed as frivolous. In light of these facts, the district court denied the application to proceed in forma pauperis in a memorandum opinion and order filed September 17, 1991.
 
 
 4
 Upon review, we affirm. The decision to grant or to refuse an application for pauper status lies within the sound discretion of the district court. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). The district court is required to state the reasons underlying a denial of a party's application to proceed in forma pauperis. Id. Azizhakim's application states that he is unable to pay the costs of the proceeding because he is unemployed and has no income. The district court's order denying Azizhakim's application states that he has sufficient means to bear the cost of filing his lawsuit. The court reached this conclusion after reviewing Azizhakim's recent financial history, indicating that over the previous months his prison account had an average balance of $110 and that at the time of the application, his account had a balance of almost $140. This history convinced the district court that Azizhakim was able to pay the filing fees, and we find that this conclusion was within the sound discretion of the district court.
 
 
 5
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.